# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

EDGAR DAKIN, Plaintiff, *v.* THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, Defendant.

*Proof of loss — on one of several policies in the same company on the same property; payable to the same person — when sufficient for all — Insurance of party " as interest may appear " — effect of — Loss payable to A B — entitles A B to recover the entire amount, though in excess of his individual loss.*

Motion for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff. This action was brought upon four policies of insurance issued by the defendant upon a tannery in Alpine, Schuyler county. The policies were all similar except as to dates, amounts and number of policy, and amounted in the aggregate to $8,000. The insurance was to " S. D. Wood & T. W. Moore & Co., as interest may appear. * * * Loss, if any, payable to Lyon & Dakin." At the time of the issuing of the policies Lyon & Dakin held a mortgage for $5,000 on the property, the whole of which subsequently passed to Dakin, who thereafter conveyed an interest therein to Wood, who already held ·a second mortgage for $3,000 upon the property. T. W. Moore & Co. owned the tannery. After a loss had occurred proofs thereof were furnished under one policy, ·for $2,500, it being stated therein " that in addition to the amount covered by said policy of said company, there was by the same company other insurance made thereon to the amount of $5,500, as particularly specified in the accompanying schedule, marked 'A,' besides which there was no insurance thereon."

The plaintiff in his complaint set out the issuing of all the poli-

cies but demanded judgment for $3,134.40 the amount due to him on his mortgage.   Upon the trial the court allowed the complaint to be amended so as to demand judgment for the full amount due on all the policies.   The defendant urged, among others, the following exceptions :

First. That proofs of loss were furnished on but one of four policies, while the recovery was had on all.

Second. That the interest of the assured was that of a mortgagee only, and that it was not so expressed in the deed.

Third. That the court erred in allowing the plaintiff to amend his complaint so as to recover the whole amount of the insurance.

With reference to these points the court at General Term said :

" The proofs of loss were sufficient in law as to all four policies. They were identical, except as to dates and amounts.   The four policies constitute essentially a single policy and were so treated by the proofs of loss.   The defendant must be presumed to have knowledge of its own contracts.   The proofs of loss were the same for each policy.   If, therefore, the description of each policy had preceded the proofs of loss, it certainly would have been sufficient. How is it different when such description of the other three policies follows the proof of loss under the first policy, and gives notice that such proofs of loss apply equally to the other three.   In any event the reception and retention of these proofs for nearly thirty days without objection on this point, the offer to pay a sum largely in excess of the amount insured by any one policy, and the other facts and circumstances leave no room to doubt that defendant waived and intended to waive any such objection, and that it was finally interposed as a technical, rather than a real, obstacle to this recovery.

The interest of the owners of the property and the interest of S. D. Wood, who was a mortgagee, were insured with the addition " as interest may appear."   The defendant thereby undertook and agreed to insure any insurable interest those parties had.   That was the language of the policies.   The defendant took the premium knowing or having reason to know that these parties had some insurable interest in the property covered by the policy, and it would now be dishonest to allow the defendant to object that it did not know the nature and character of such interest, in order to avoid liability.   (*Bidwell* v. *No. West. Ins. Co.*, 24 N. Y., 302.)

The plaintiff was allowed to amend his complaint so as to recover the whole amount insured by the four policies. In fact all of those policies were by their terms payable to plaintiff in case of loss. The plaintiff was, therefore, the proper person to collect the same. He may not be entitled to retain all that he collects, but that is of no importance to the defendant. Its duty is discharged when it has paid up according to its contract. The plaintiff will hold the funds collected in trust for those who may be entitled thereto, besides himself. The allowance of the amendment was in the discretion of the Court, and we do not think it erred in its exercise in this instance. It was an amendment in furtherance of justice and did not change the cause of action."

*M. M. Mead*, for the plaintiff. *Erastus P. Hart*, for the defendant.

Opinion by BOARDMAN, J.

Present — LEARNED, P. J., BOARDMAN and SAWYER, JJ.

Motion for new trial denied, and judgment ordered for plaintiff on verdict, with costs.